# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-60393
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2018

Lyle W. Cayce
Clerk

PEDRO RODRIGUEZ SORIANO, also known as Pedro Rodriguez,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 649 607

————

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Pedro Rodriguez Soriano, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his applications for withholding of removal and relief under the Convention Against Torture (CAT).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60393

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law are reviewed de novo and findings of fact are reviewed for substantial evidence. *Id.* Under the substantial evidence standard, the alien must show that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Soriano challenges the BIA's denial of his request for withholding of removal based on his membership in the particular social group of his family. Even if Soriano's proposed particular social group were accepted, the record does not compel the conclusion that his membership in that group is a central reason why he would be targeted. *See Wang*, 569 F.3d at 537; *Shaikh*, 588 F.3d at 864. Rather, the record establishes that the Zetas acted for purely personal or criminal reasons, not because Soriano's cousins were members of his family. *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004).

To the extent Soriano challenges the BIA's denial of withholding of removal based on his membership in the particular social group of "family members of Mexicans injured or harmed by members of organized crime," he does not meaningfully challenge the BIA's reasoning that he was ineligible for relief. Soriano also briefs no argument challenging the BIA's denial of CAT protection. Accordingly, Soriano has abandoned any challenge to the denial of relief on those grounds. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Soriano's petition for review is DENIED.